UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KYLE MURRAY,

                                                             Plaintiff,

               -against-

CITY OF NEW YORK, GEORGE BROWN, Individually,
MARK SIKIRIC, Individually, P.O. CAHILL,
Individually, and JOHN DOE 1 through 5, Individually,
(the names John Doe being fictitious, as the true names are
presently unknown),

                                                             Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANT CAHILL**

**18 CV 4563 (AMD) (RML)**

**JURY TRIAL DEMANDED**

Defendant Officer Cahill, by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the Complaint, dated August 13, 2018, respectfully alleges, upon information and belief, as follows:[1]

### AS TO "PRELIMINARY STATEMENT"

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

### AS TO "JURISDICTION"

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke jurisdiction as stated therein.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke jurisdiction as stated therein.

---

[1] Defendants City of New York, Thomas, and Sikiric answered the Complaint on December 21, 2018. (See Docket Entry No. 11).

## AS TO "VENUE"

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

## AS TO "JURY DEMAND"

5. State that paragraph "5" is a demand for a trial by jury, not an averment of fact, and as such, no response is required.

## AS TO "PARTIES"

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York maintains its police department consistent with all applicable laws and rules, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that defendant Officer Brown is employed by the City of New York as a member of the New York City Police Department.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that defendant Officer Marko Sikiric is employed by the City of New York as a member of the New York City Police Department.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that defendant Officer Cahill is employed by the City of New York as a member of the New York City Police Department.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that defendant Officer Kevin Thomas is employed by the City of New York as a member of the New York City Police Department.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. State that the allegations set forth in paragraph "14" of the Complaint are conclusions of law, not an averment of fact, and as such, no response is required.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

## AS TO "FACTS"

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiff was arrested on or about August 15, 2015 in Brooklyn, NY.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiff was arrested at approximately 5:38am.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint, except admits that plaintiff was handcuffed.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint, except admits that plaintiff was transported to Coney Island Hospital.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that plaintiff was charged with, *inter alia*, driving while intoxicated.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"

56. In response to the allegations set forth in paragraph "56" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"

67. In response to the allegations set forth in paragraph "67" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION"

72. In response to the allegations set forth in paragraph "72" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

## AS TO "FIFTH CAUSE OF ACTION"

76. In response to the allegations set forth in paragraph "76" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint, including all of its discrete subparts.

82. Denies the allegations set forth in paragraph "82" of the Complaint.

## AS TO "SIXTH CAUSE OF ACTION"

83. In response to the allegations set forth in paragraph "83" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. Denies the allegations set forth in paragraph "86" of the Complaint.

87. Denies the allegations set forth in paragraph "87" of the Complaint.

88. Denies the allegations set forth in paragraph "88" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

89. The wherefore clause, including all of its discrete subparts, is not an averment of fact to which a response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

90. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

91. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

92. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

93. Defendant Cahill has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore is entitled to qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

94. At all times relevant to the acts alleged in the Complaint, defendant Cahill acted reasonably and properly in the lawful exercise of his discretion and/or judgmental functions/decisions. Therefore, defendant Cahill is entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

95. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

96. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

97. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

98. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

99. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

100. To the extent that one or more Defendants used any force, it was reasonable, justified, and necessary to accomplish Defendant's official duties and to protect their own physical safety and the safety of others.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

101. Plaintiff provoked any incident.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

102. Plaintiff may have failed to mitigate damages.

## AS AND FOR  A FOURTEENTH AFFIRMATIVE DEFENSE:

103. There was probable cause for Plaintiff's arrest, detention, and subsequent prosecution.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

104. Service of process upon one or more of the Defendants was insufficient or untimely pursuant to Rule 4(m).

**WHEREFORE,** defendant Cahill requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 25, 2019

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants City, Thomas, Sikiric, Brown, and Cahill*
        100 Church Street
        New York, New York 10007
        (212) 356-5057

By:    /s/
      Kaitlin Fitzgibbon
      *Assistant Corporation Counsel*
      Special Federal Litigation

cc: **BY ECF**
    Brian Bromberg
    *Attorney for Plaintiff*
    Bromberg Law Office
    26 Broadway, 21st floor
    New York, NY 10004